**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| JDS 1455, INC. d/b/a WEST ON NORTH, and all others similarly situated | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:20-cv-02546 |
| v. | ) ) | |
| SOCIETY INSURANCE, | ) ) | Honorable Judge Rebecca R. Pallmeyer Honorable Magistrate Judge Beth W. Jantz |
| Defendant. | ) | |

**DEFENDANT SOCIETY INSURANCE'S MOTION TO DISMISS UNDER RULE
12(b)(6) OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

NOW COMES, Defendant, SOCIETY INSURANCE ("Society"), by and through its attorneys Thomas B. Underwood, Michael D. Sanders, Michelle A. Miner and Amy E. Frantz of Purcell & Wardrope, Chtd., and hereby moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Federal Rules of Civil Procedure 56(a) on all counts of Plaintiff's, JDS 1455, INC. d/b/a WEST ON NORTH ("Plaintiff") Complaint. [1]  In support of said motion, Society states as follows:

1.      The threshold issue in this case is a question of law: whether the losses claimed by Plaintiff fall within the coverage provided by the insurance contracts entered into between Plaintiff and Society.  Under Illinois law, which applies to insurance policies issued in Illinois to Illinois businesses, the construction of an insurance policy is a question of law, not fact, and is properly

---

[1] Society's Motion only raises issues that pertain to the claims of the named plaintiff, JDS.  Society reserves its right to raise all arguments relating to the putative class, including whether this court has personal jurisdiction over Society with respect to the claims of out-of-state plaintiffs, at a later date when the issue of class certification is before the court.

determined by the court. *Roman Catholic Diocese of Springfield in Ill. v. Maryland Cas. Co.,* 139 F.3d 561, 565 (7th Cir.1998) (citing *Crum & Forster Managers Corp. v. Resolution Trust Corp.,* 620 N.E.2d 1073, 1077 (Ill.1993)); *Phillips v. Prudential Ins. Co. of America*, 714 F.3d 1017, 1023-24 (7th Cir. 2013).

2.     Plaintiff's Complaint asserts two counts: Count I for Breach of Contract ("Civil Authority" on behalf of Plaintiff and the putative Class), and Count II for Breach of Contract ("Business Interruption" on behalf of Plaintiff only).  Plaintiff  alleges that as a result of executive orders issued by Illinois Governor J.B. Pritzker related to COVID-19, the named plaintiff has had to temporarily cease ordinary operations at its restaurant, West on North.

4.     Under those executive orders, restaurants and other establishments that serve food, including Plaintiff's business, are designated as Essential Businesses and allowed to operate on their premises for purposes of preparing and serving food for off-premises consumption.

5.     Even though Plaintiff's restaurant is allowed to operate on its premises to sell food and alcohol for delivery and takeout, and its premises remain undamaged, Plaintiff alleges that "COVID-19 . . . rendered the Premises unsafe and inaccessible for customers and damaged the Premises."  (Compl. at ¶ 68.)

6.     When ruling on a Rule 12(b)(6) motion to dismiss, courts accept as true only a complaint's well-pleaded facts and not statements of law or unsupported conclusory factual allegations. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).  To survive a motion to dismiss, the complaint must state a claim to relief that is plausible on its face, requiring the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

7.     Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  To survive summary judgment, once the moving party has established that there is no genuine issue of material fact, the non-moving party must show the existence of a genuine issue of material fact with respect to essential elements of the party's case that it will have the burden of proving at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Waldon v. Wal-Mart Stores, Inc., Store No. 1655*, 943 F.3d 818, 821 (7th Cir. 2019).

8.     Plaintiff seeks coverage under three coverage parts of the Society Policy, all of which are additional coverages in the Businessowners Special Property Coverage Form: Business Income, Extra Expense, and Civil Authority.  The terms and conditions required for coverage under these additional coverages have not been met.

9.     Coverage under the Business Income and Extra Expense additional coverages of the Society Policy is limited to loss of business income that results from a "direct physical loss of or damage to covered property" at the premises described in the policy that is caused by a Covered Cause of Loss.  A Covered Cause of Loss under the Society Policy is a "direct physical loss." There is no insurance coverage, as a matter of law, under the Society Policy because there has been no "direct physical damage to or loss of covered property" and there has been no Covered Cause of Loss as those terms are defined in the Society Policy and the law.

10.     In Illinois, physical loss or damage requires an alteration of the physical characteristics of the covered property, which has not happened here.  *Traveler's Ins. Co. v. Eljer Mfg., Inc.*, 197 Ill. 2d 278, 301-02, 757 N.E.2d 481 (2001).  There are no allegations or evidence that the physical characteristics of Plaintiff's buildings, real estate, or business personal property,

have incurred any physical changes. For example, Plaintiff does not allege that its covered property has incurred any physical alteration from a fire, tornado, storm damage, or the like.

11. Neither the COVID-19 pandemic nor the temporary limitations on business operations contained in Governor Pritzker's recent executive orders constitute a physical loss or damage to the property covered under the Society Policy or a Covered Cause of Loss as a matter of law. The physical condition of Plaintiff's property has not changed, and it remains fit for use to prepare food for delivery and take-out orders. As a result, there is no insurance coverage because there has been no "direct physical loss of or damage to covered property" and no "Covered Cause of Loss."

12. Coverage under Civil Authority only applies where there has been: (i) damage to property other than property at the described premises that is caused by a Covered Cause of Loss, (ii) an action by a civil authority that prohibits access to the described premises, (iii) the action of civil authority prohibits access to the area immediately surrounding the damaged property, and the insured premises are within that area, and (iv) the action of civil authority is taken in response to dangerous physical conditions that result from the property damage or continuation of the Covered Cause of Loss that caused the damage.

13. None of the requirements for Civil Authority have been met here. There has been no Covered Cause of Loss, Plaintiff retains access to its premises, public spaces surrounding its premises remain accessible and in-use, and Governor Pritzker's executive orders were issued to reduce future transmission of COVID-19 and not as a result of pre-existing damage to other property. Accordingly, there is no coverage under Civil Authority.

14. Therefore, this Court should dismiss Counts I and II with prejudice or, in the alternative, enter summary judgment in favor of Society and against Plaintiff on the Complaint

and should find and declare that there is no insurance coverage for Plaintiff's claim under the Society Policy.

15.     Society adopts and incorporates its Memorandum of Law in support of its Motion to Dismiss Pursuant to Rule 12(b)(6) or, in the Alternative, for Summary Judgment pursuant to Local Rule 56.1(a)(2) and its Local Rule 56.1(a)(3) statement of material facts, filed contemporaneously herewith.

**WHEREFORE**, Defendant SOCIETY INSURANCE moves this Court to dismiss with prejudice all counts of the Complaint under Rule 12(b)(6) or, in the alternative, to enter summary judgment pursuant to Rule 56 in its favor and against Plaintiff JDS 1455, INC. d/b/a WEST ON NORTH, and to grant Society such other and further relief as this Court deems just.

Date:   June 29, 2020                          Respectfully submitted,

                                               Society Insurance

                                               By:     /s/ Thomas B. Underwood
                                                       Counsel for Defendant

Thomas B. Underwood (#3122933)
Michael D. Sanders (##6230187)
Michelle A. Miner (#6299524)
Amy E. Frantz (#6312526)
PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
(312) 427-3944 (facsimile)
tbu@pw-law.com
msanders@pw-law.com
mminer@pw-law.com
afrantz@pw-law.com